

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINDY M. HOLMES,

**05 CIV. 2950**

    Plaintiff,

vs.

**COMPLAINT**

IBM,

    Defendant.

Judge McMahon    ECF CASE

By and through her counsel, Michael H. Sussman, plaintiff alleges as her Complaint against defendant:

## I. Parties

1. Plaintiff, Cindy M. Holmes, is an African-American female who is of legal age and resides in this judicial district.

2. Defendant, IBM, is an employer covered by the provisions of 42 U.S.C. secs. 1981 and 1981-a, does business within this judicial district and is subject to suit.

## II. Jurisdiction

3. As plaintiff alleges that defendant discriminated against her on the basis of her race, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1981, 1981-a and 1988.

-1-

### III. Factual Allegations

4. Plaintiff was re-hired by defendant in July 2000 as a Control Center Technician.

5. Since her rehire, plaintiff has well performed her job duties and been so evaluated.

6. Within the last three years, defendant, acting through its agents, has burdened its contractual relationship with her by subjecting plaintiff to intentional racial discrimination as follows:

a) defendant and its agents have denied plaintiff promotions while elevating less qualified white employees;

b) an African-American manager failed to promote plaintiff, explicitly stating that it would not look right to promote her because they were both black;

c) defendant's agents disallowed plaintiff from attending a celebration of another worker's 25th anniversary, while allowing similarly-situated white employees to attend this event;

d) defendant and its agents have denied plaintiff appropriate job assignments [which would prepare her for promotional opportunities], while giving white workers such assignments;

-2-

e) defendant and its agents have underpaid plaintiff as compared to similarly-situated white workers;

f) defendant has assigned plaintiff to train a Caucasian worker superior in rank and salary to her.

7.   Plaintiff has unsuccessfully sought redress of these conditions by and through defendant's internal processes.

8.   The discrimination to which defendant, acting through its agents, have intentionally subjected plaintiff has caused her pecuniary and non-pecuniary injuries which have not been compensated to date.

9.   Such injuries include, but are not limited to, deteriorating physical health, stress, anxiety, embarrassment, humiliation and mental anguish.

10.   Defendant's discriminatory conduct has been intentional, malicious and is contrary to long settled and accepted norms.

**IV.  Causes of Action**

11.   Plaintiff restates paras. 1-10 as if fully set forth herein.

12.   By intentionally discriminating against plaintiff on the basis of her race in derogation of her contract with it, defendant violated 42 U.S.C. section 1981 and 1981-a.

**V.  Prayer for Relief**

-3-

e) defendant and its agents have underpaid plaintiff as compared to similarly-situated white workers;

f) defendant has assigned plaintiff to train a Caucasian worker superior in rank and salary to her.

7.  Plaintiff has unsuccessfully sought redress of these conditions by and through defendant's internal processes.

8.  The discrimination to which defendant, acting through its agents, have intentionally subjected plaintiff has caused her pecuniary and non-pecuniary injuries which have not been compensated to date.

9.  Such injuries include, but are not limited to, deteriorating physical health, stress, anxiety, embarrassment, humiliation and mental anguish.

10.  Defendant's discriminatory conduct has been intentional, malicious and is contrary to long settled and accepted norms.

**IV.  Causes of Action**

11.  Plaintiff restates paras. 1-10 as if fully set forth herein.

12.  By intentionally discriminating against plaintiff on the basis of her race in derogation of her contract with it, defendant violated 42 U.S.C. section 1981 and 1981-a.

**V.  Prayer for Relief**

-3-

WHEREFORE, PLAINTIFF prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to fairly decide this matter;

c) award to plaintiff and against defendants compensatory and punitive damages with pre and post-judgment interest;

d) order defendant to permanently cease and desist from its discriminatory treatment,

e) award to plaintiff the reasonable attorneys' fees and necessary litigation costs relating to the prosecution of this matter, and

f) enter any other order the interests of justice and/or equity require.

RESPECTFULLY,

Michael H. Sussman (3497)

Counsel for Plaintiff

Law Offices of Michael H. Sussman
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Dated: 16 March 2005
        Goshen, NY

-4-