UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINDY HOLMES,

      Plaintiffs,                    05 CIV 2950 (CM)(MDF)

      vs.                           **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

IBM,

      Defendant.
--------------------------------------------------------x

## LIABILITY

Plaintiff alleges that defendant IBM discriminated against her on the basis of her race when, acting through its agents, it failed to promote her from Band 3 to Band 4 between 2002 and 2005 and provided her inferior terms and conditions of employment to those accorded similarly-situated Caucasian employees.  Defendant denies that its agents engaged in any form of racial discrimination.

As jurors, you must apply the substantive law I am about to give you to the facts of this case.  I instruct you as follows:

Plaintiff bears the burden of proving by a preponderance of the evidence that her race was one of the motivating factors in the decisions about which she complains..  A preponderance of the evidence means more than 50% of the evidence, in whatever form, that you, as reasonable jurors, believe.  One of the

Page -1-

Page 1

motivating factors means that plaintiff''s race influenced the decision-makers in a manner adverse to her.

To prove that her race was one of the motivating factors in the way in which she was treated, plaintiff may rely on direct evidence, that is comments which you find by a preponderance of the evidence her superiors or others may have made concerning the influence of her race in IBM's decision.   You need not find that such comments were directed to plaintiff; rather, you may consider statements to which plaintiff has credibly testified so long as you conclude that this factor substantially affected the challenged decisions.

While direct evidence can assist plaintiff in meeting her burden of proof. plaintiff need not offer direct evidence of racial discrimination to establish her claim.  Plaintiff may rely on circumstantial evidence from which you conclude that her race played a substantial role in the challenged decisions.  Circumstantial evidence is evidence which, when taken as a whole, causes you to conclude that plaintiff's race did, or did not, substantially contribute to these decisions.

In reviewing the evidence, you may consider direct and circumstantial evidence together, determining whether the preponderance supports plaintiff's claim.

To establish a claim of discrimination in promotion, plaintiff must establish

that she was a member of a class of persons protected by our Constitution or federal law from such discrimination. I instruct you that, as a matter of law, plaintiff has satisfied this element of her claim. Plaintiff must next show that she was competent or qualified for the position she sought. Third, she must show that she sought this promotion or that her supervisors were aware of her interest in this promotion. Fourth, she must show that the decision she challenges occurred under circumstances which you find support an inference of discrimination based upon her race. Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005).

If you find that plaintiff has established these elements, you are instructed that this creates a presumption that the employer did engage in intentional racial discrimination and places the burden upon the defendant to proffer a non-discriminatory reason for its action. James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000); Mandel v. County of Suffolk, 316 G.3d 368, 380 (2d Cir. 2003).

If you find that defendant has offered a non-discriminatory reason for its failure to promote plaintiff, you need determine whether, despite this reason, plaintiff's race was one of the motivating factors behind the defendant's decision[s]. Back v. Hastings on Hudson UFSD, 365 F.3d 107, 123 (2d Cir. 2004).

You can make this determination by relying on direct evidence, as explained

above, or by finding that defendant's articulated reason is pretextual, that is, unworthy of belief and masks discriminatory intent on the part of the decision-makers.

If you conclude that plaintiff has shown by a preponderance of the evidence that her race was one of the motivating factors in the decision to deny her promotion, you must return a verdict for plaintiff.

On the other hand, should you conclude that plaintiff has failed to establish intentional racial discrimination, as I have defined it above, by a preponderance of the evidence, you must return a verdict on this issue for defendant.

Here, plaintiff claims that for several occasions, she was denied promotion on the basis of her race. Your analysis should consider this claim in its entirety. If you believe that at any point between 2002-2005, defendant did discriminate against plaintiff on the basis of her race, you should return a verdict for plaintiff. If on the other hand, you find that plaintiff has not proven this by a preponderance of the evidence for any of the time period involved, you must return a decision for defendant.

Plaintiff also contends that defendant deprived her of terms and conditions of employment equal to those extended to white co-workers who, she argues, were similarly-situated to her. You are to view the evidence as a whole before deciding

whether plaintiff has established such disparate or differential treatment by a preponderance of the evidence.

### DAMAGES

Plaintiff contends that she is entitled to recover damages against defendant. I explain each in further detail now.

Plaintiff claims that by failing to promote her on the basis of her race and by not offering her terms and conditions of employment like those extended to white workers, defendant caused her certain compensable non-economic and economic loss.  If you find by a preponderance of the evidence that plaintiff has made out either of her claims and that this caused economic loss or non-economic loss in the form of embarrassment, humiliation, anxiety or emotional distress, then plaintiff is entitled to recover money damages.  You are to be reasonable in your calculation of such damages recognizing that there is no precise measurement for the emotional damages or any precise formula for their calculation.  Plaintiff does bear the burden by a preponderance of the evidence of demonstrating that she suffered economic loss by the failure to promote her and the amount of such loss.

In making such an award, you are to be guided by the need to be fair to all parties.  Sympathy or anger should not motivate you.  As a group, you represent the citizens of this district and your verdict should be informed by reason, not

emotion.

    Plaintiff also seeks an award of punitive damages against IBM, claiming that defendant's conduct was spiteful, malicious and worthy of such an award. Punitive damages have two purposes: to punish a wrongdoer and to reward the plaintiff who has suffered illegal practices. As with compensatory damages, the sum of any such award is in your hands. You are to consider the resources of the defendants in entering such an award, keeping in mind that one accepted purpose of such an award is deterring the repetition of any conduct you believe meets the standard of maliciousness and spite warranting such an award. At the same time, you are to be reasonable in any such award.

                  Respectfully submitted,

                  MICHAEL H. SUSSMAN (3497)

SUSSMAN LAW OFFICES
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff

Dated: March 12, 2006